# GREAT BEAR SPRING COMPANY *v.* BEAR LITHIA SPRINGS COMPANY.

---

TRADEMARKS; PRIOR USE.

As affecting the similarity of marks applied to drinking water, all containing the word "bear," and in determining the question of prior use, it is not material whether the word "lithia" is inserted or omitted; nor is it important that in one instance a black bear is

shown, while in another a polar bear; or whether the word "bear" is printed beside the picture of the bear, or on it. (Following *Johnson* v. *Brandau*, 32 App. D. C. 348.)

No. 1040. Patent Appeals. Submitted May 11, 1916. Decided May 22, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents registering a mark as a trademark over an opposition.

*Affirmed.*

The facts are stated in the opinion.

*Mr. W. P. Preble* for the appellant.

*Mr. Fritz V. Briesen* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal in an interference proceeding from the decision of the Commissioner of Patents awarding priority and right of registration to appellee.

Four trademarks are involved in this interference,—the mark of appellant company, registered April 30, 1907, consisting of the words "Great Bear Springs;" the mark registered by the Fulton Waterworks Company, October 23, 1894, now owned by appellant, consisting of the words "Great Bear Spring," arranged in a curve over the picture of a polar bear on a cake of ice; the mark of appellee company, registered June 9, 1891, consisting of the words "Bear Lithia Water," printed in white letters on the side of a black bear standing on the margin of a spring of water, and the mark here sought to be registered by appellee consisting of the representation of a bear, upon which is printed the word "bear."

It will be observed that the common feature of the four marks in interference is the word "bear," and that all the marks, with the exception of appellant's 1907 mark, contain, in addition to

the word "bear," the representation of a bear, which feature was held by the Commissioner to be equivalent to the word "bear."

Prior use by appellee is conceded of the 1891 mark, but it is contended that it should not be permitted to establish priority over appellant's marks in a mark from which the word "lithia" has been eliminated. In other words, appellant's contention is that prior to December 23, 1910, the filing date of the present application, appellee always used the word "lithia" with the word "bear," and it therefore has no right to priority in a similar mark from which the word "lithia" has been eliminated.

The word "lithia" is merely descriptive, like the words "spring" and "water." The dominating feature of the marks is the representation of a bear. It is not material, as affecting the similarity of the marks, whether the word "lithia" is inserted or omitted; nor is it important that in one instance a black bear is shown, while in the other it is a polar bear; or whether the word "bear" is printed beside the picture of the bear, or on it. The prominent feature of the mark is the representation of a bear, or its equivalent, the word "bear." The case is governed by *Johnson* v. *Brandau,* 32 App. D. C. 348.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                                   *Affirmed.*